IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20679
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON LOUIS EDWARDS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-609-3
- - - - - - - - - -
May 21, 2001

Before SMITH, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[1]

Aaron Louis Edwards appeals his sentence following his guilty-plea convictions for bank robbery and using a firearm during a crime of violence. He argues that the district court erred by increasing his offense level based on its findings that carjacking was involved in the bank robbery and that Edwards and his codefendants had physically restrained a person during the course of the robbery. We have reviewed the record and the briefs of the parties, and we discern no reversible error.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to U.S.S.G. § 1B1.3(a)(1), the carjacking is relevant conduct vis-a-vis the bank robbery because it was committed in preparation for the bank robbery. Moreover, that another defendant, not Edwards, was the person who physically committed the carjacking does not absolve Edwards of responsibility in any way. Since Edwards was part of the jointly undertaken criminal activity at the time of the carjacking, the carjacking is attributable to Edwards as if he had committed the carjacking himself. U.S.S.G. § 1B1.3(a)(1); see United States v. Carreon, 11 F.3d 1225, 1232-36 (5th Cir. 1994).

Similarly, the offense-level increase imposed pursuant to U.S.S.G. § 2B3.1(b)(4)(B) based upon a codefendant's grabbing an exiting customer by the neck and dragging her back into the store during the robbery was not erroneous. See United States v. Keeton, No. 94-10640 (5th Cir. May 16, 1995) (unpublished) (conduct of codefendant who accosted bank employee in parking lot and forced her back into the bank found to be physical restraint under U.S.S.G. § 2B3.1(b)(4)(B)).[2] Edwards' sentence is

AFFIRMED.

---

[2] Unpublished opinions issued before January 1, 1996, have precedential value. 5th Cir. R. 47.5.3.